## Gingerich v. Nationwide Mutual Ins. Co.
*[Cite as 6 AOA 128]*

*Case No. 89AP110088*
*Tuscarawas County, (5th)*
*Decided August 13, 1990*

*Timothy F. Scanlon, Kevin P. Hardman, 1100 First National Tower, Akron, Ohio 44308, for Plaintiff-Appellee.*

*Joyce K. Laybourn, Bernard L. Kahn, 515 Society Building, 159 South Main Street, Akron, Ohio, 44308, for Defendant-Appellant.*

PUTMAN P.J.

This is an appeal from the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, that granted summary judgment in favor of plaintiff-appellee, Henry Gingerich (appellee), on his complaint for declaratory judgment. The trial court declared that as a matter of law on the undisputed facts, appellee was not precluded from recovering underinsurance benefits as provided by appellee's insurance policy with defendant-appellant, Nationwide Mutual Insurance Company (appellant).

Appellant now seeks our review and assigns the following as error:

"I. THE TRIAL COURT ERRED IN FINDING (AS A MATTER OF LAW) THAT SIX DAYS NOTICE IS REASONABLE NOTICE THAT AN INSURED IS ABOUT TO DESTROY THE INSURER'S SUBROGATION RIGHTS.

"II. THE TRIAL COURT ERRED IN FINDING THAT THE ACTION TAKEN BY THE INSURED IN DESTROYING THE INSURER'S SUBROGATION RIGHTS DID

NOT PRECLUDE THE INSURED FROM RECOVERING UNDER INSURANCE MOTORIST BENEFITS UNDER HIS POLICY OF INSURANCE WITH NATIONWIDE INSURANCE COMPANY.

"III. THE TRIAL COURT ERRED IN REFUSING TO CONSIDER AS EVIDENCE THE LETTER OF OCTOBER 8, 1987 FROM AN AGENT OF NATIONWIDE INSURANCE COMPANY TO THE ATTORNEY FOR APPELLEE."

For the reasons stated below, appellant's assignments of error are overruled.

On April 10, 1984, appellee's decedent was killed in a traffic accident while riding as a passenger in an automobile operated by Betty Schrock. Schrock collided with a tractor-trailer driven by Gary Yoder.

At the time of this accident, appellee had an automobile liability insurance policy with appellant that included the underinsured motorist coverage mandated by R.C. 3937.18. Both Schrock and Yoder were underinsured motorists within the meaning of both R.C. 3937.18 and appellee's insurance policy with appellant.

On May 14, 1985, appellee commenced a wrongful death action against Schrock and Yoder. Counsel for appellee advised appellant that this action had been commenced in the Court of Common Pleas for Tuscarawas County.

Over the course of the next two years, counsel for appellee and appellant communicated by letter and telephone regarding the status of this wrongful death action. On August 6, 1987, counsel for appellee advised appellant that the wrongful death action was scheduled for trial on September 15, 1987.

Shortly before this scheduled trial date, the wrongful death action was settled for $85,000. The insurance carrier for the estate of Betty Schrock agreed to pay its policy limits of $50,000 in exchange for a covenant not to sue and dismissal from the case. The insurance carrier for Gary Yoder agreed to pay $35,000 of its policy limits in exchange for a release and dismissal from the case.

By letter dated September 16, 1987, counsel for appellee advised appellant of this proposed settlement and that a hearing had been scheduled for September 28, 1987, at 10:30 a.m. in the Probate Court of Tuscarawas County, at which time the probate court would review the settlement. By this same letter, counsel for appellee informed appellant that "[i]n the event that your company has any objection to these settlements and covenants or releases, you are invited to appear at that hearing."

The probate hearing took place as scheduled. Appellant did not attend. The probate court approved the settlement and authorized the execution of the appropriate covenants not to sue and releases.

Appellant advised counsel for appellee that the settlement terms were unsatisfactory and that it would deny appellee's claim for underinsured motorist coverage.

Appellee then commenced the declaratory judgment action that is the subject of this appeal.

We now turn to a serial consideration of the separate assignments of error.

I.

By its first assignment of error, appellant argues that appellee's letter of September 16, 1987, notifying appellant of the tentative settlement offer and the scheduled hearing in probate court in effect gave appellant six days notice of the intended settlement. Appellant contends that the trial court erred in finding that this was reasonable notice to appellant that appellee was about to destroy appellant's subrogation rights.

The controlling authority in the case *sub judice* is *McDonald v. Republic-Franklin Ins. Co.* (1989), 45 Ohio St. 3d 27.

The syllabus in *McDonald* reads:

"1. An insurer must aid its insured in the preservation of its subrogation rights.

"2. When an insured has given his underinsurance carrier notice of a tentative settlement prior to release, and the insurer has had a reasonable opportunity to protect its subrogation rights by paying the underinsured motorist benefits before the release but does not do so, the release will not preclude recovery of underinsurance benefits. (*Bogan v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St. 3d 22, 521 N.E. 2d 447, modified and explained.)

"3. The insurer's failure to respond, within a reasonable time, to notification by its insured of a settlement offer will operate to void a subrogation clause in the insurer's underinsured motorist provision."

Our review of the record indicates that settlement offers were made shortly before the scheduled trial date and appellant was provided notice of the tentative settlement prior to release and had a reasonable opportunity to protect its subrogation rights. The letter of September 16, 1987, specifically advised appellant that a hearing had been scheduled in probate court and that

appellant's representatives could attend the hearing and object to the settlement and release of the tortfeasors. However, appellant took no action, not even a request for a continuance of the probate hearing.

Accordingly, the trial court did not err in determining that reasonable minds could only conclude that appellee gave appellant notice of the tentative settlement prior to release and a reasonable opportunity to protect its subrogation rights.

Accordingly, appellant's first assignment of error is overruled.

## II.

By its second assignment of error, appellant argues that appellee's settlement of the wrongful death action and release of the tortfeasors precludes appellee from proceeding against appellant on the underinsured claim. Appellant relies on *Bogan v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St. 3d 22. However, as noted in paragraph 2 of the syllabus in *McDonald, Bogan* has been reviewed and modified.

Thus, upon the authority of *McDonald, supra,* we find that the trial court did not err in concluding that the actions taken by appellee in settling the case and releasing the tortfeasors does not preclude appellee from recovering underinsurance benefits.

Accordingly, appellant's second assignment of error is overruled.

## III.

Appellant's third assignment is that the trial court erred in refusing to consider as evidence the letter of October 8, 1987, from an agent of appellant to the attorney for appellee In this letter, appellant advised appellee's counsel for the first time that it objected to the settlement and denied appellee's claim for underinsured motorist coverage.

The trial court considered the letter to the extent that the letter was the communication by which appellant's representatives denied appellee's underinsurance claim. However, appellant argues that the trial court should have considered this letter as evidence that appellant did not have an opportunity to review appellee's letter of September 16, 1987, in time to protect its subrogation rights. We disagree. Pursuant to Civ. R. 56(E), it was appellant's duty to provide the trial court with testimony to this effect, either by way of deposition or affidavit.

Accordingly, appellant's third assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.

MILLIGAN, J., and GWIN, J., concur.